**United States District Court**
**District Of Maryland**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

STANDING MEMORANDUM TO COUNSEL CONCERNING DISCOVERY

1. Counsel are required to have read the Federal Rules of Civil Procedure, Local Rules of this Court, Discovery Guidelines of this Court (Appendix A to the Local Rules), and, with respect to discovery of Electronically Stored Information (ESI), the Suggested Protocol for Discovery of ESI, posted on the Court's website, www.mdd.uscourts.gov. Counsel are required to comply with the aforementioned rules and guidelines, except as otherwise specified by order of the Court. D. Md. Loc. R. App. A., Guideline 1b (July 2010) ("Guideline").

2. Counsel are reminded that they have an obligation to cooperate during the conduct of discovery, as well as to limit the cost of discovery so that it is proportional to what is at issue in the case. *See* Guideline 1.a ("The parties and counsel have an obligation to cooperate in planning and conducting discovery . . . ."). The duty to cooperate includes, "at a minimum, being open to, and reasonably available for, discussion of legitimate differences in order to achieve the just, speedy, and inexpensive resolution of the action and every proceeding." Guideline 1.c. *See also Mancia v. Mayflower Textile Services Co.*, 253 F.R.D. 354 (D. Md. 2008). In addition, counsel "are expected to communicate with each other in good faith throughout the discovery process to resolve disputes without the need for intervention by the Court, and should do so promptly after becoming aware of the grounds for the dispute." Guideline 1.e; *see Kemp v. Harris*, 263 F.R.D. 293, 297 (D. Md. 2009) (observing that the dispute at issue "could, and should, have been avoided had counsel cooperated in the conduct of discovery, as they are obligated to do," and directing parties to "meet and confer").

3. Many members of our bar have expressed concern about the obstacles our Local Rules and practices present to timely, efficient, and inexpensive resolution of discovery disputes. In order to address these concerns, some chambers have implemented a call-in program for the informal resolution of discovery disagreements. I, too, will make myself available by telephone to resolve emergency discovery disputes and other discovery issues that do not require extensive briefing. The following procedures will apply:

   a. Before requesting a telephonic hearing, counsel must give opposing counsel at least twenty-four hours notice of their intent to do so.

   b. It is the responsibility of counsel who requests the telephonic hearing to arrange for a conference call at the prescribed time.

   c. Counsel involved in the discovery dispute should electronically file by 4:00 p.m. on the day before the hearing short letters (not to exceed two pages) setting forth their respective positions.

      d. I will not have a record made of the telephonic hearing. If any of you want a record to be made, it will be your responsibility to have a court reporter present in your office or to arrange for the hearing to be tape recorded. Of course, you must advise me and opposing counsel at the commencement of the hearing that a record is being made.

      4. I will do my best to resolve as many disputes as I can in this informal manner. If, however, after hearing from you, I determine that the issues are too complicated for me to do so, I will direct that the procedures for formal briefing be followed. I may also decide to refer the discovery dispute to a Magistrate Judge of this Court.

      5. In order for this informal discovery dispute policy to be successful, it is imperative that counsel exercise restraint. I simply do not have time to resolve every dispute that may arise during the course of discovery. However, I recognize the great advantage the court can provide in quickly resolving many discovery issues.

      6. The call-in program does not displace my practice of making myself available whenever I can to resolve disputes as they arise during the course of a deposition.

                                        Ellen L. Hollander
                                        United States District Judge